# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LORI A. CLEM, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CAUSE NO. 1:11-cv-216 |
| MEIJER STORES LIMITED PARTNERSHIP, MEIJER, INC., MEIJER LOGISTICS, LLC, MEIJER REALTY COMPANY, and MEIJER GROUP, INC., | ) ) ) ) ) |
|     Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Steuben Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 3.) The Notice of Removal alleges that on information and belief, the Plaintiff is a citizen of Indiana and that "[t]he Defendants . . . are corporations, partnerships and/or LLCs duly created and organized by and under the laws of the State of Michigan, with their principal places of business in the State of Michigan . . . ." (Notice of Removal ¶¶ 13(a), 13(b).) The Defendants' jurisdictional allegations, however, are inadequate to establish this Court's diversity jurisdiction.

To begin, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, the Defendants must amend their Notice of Removal to allege the Plaintiff's citizenship on personal knowledge.

Additionally, whereas corporations "are deemed to be citizens of the state in which they are incorporated and of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990); *see* 28 U.S.C. § 1332(c)(1), a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of *each member* of Meijer Logistics, LLC to ensure that none of its members share a common citizenship with the Plaintiff. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Meijer Logistics, LLC, who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Similarly, as to Defendant Meijer Stores Limited Partnership, "both general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen." *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998); *see also Guar. Nat'l Title Co. v. J.E.G. Assocs.,* 101 F.3d 57, 59 (7th Cir. 1996) ("There is no such thing as 'a [Michigan] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, a court "need[s] to know the name and citizenship(s) of its . . . partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). Moreover, as discussed *supra*, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320.

Therefore, the Defendants are ORDERED to file an amended Notice of Removal forthwith, properly alleging on personal knowledge their own citizenship and that of the Plaintiff, and, if necessary, tracing the citizenship of unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for June 27, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge